**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

HANK A. WILSON,
　　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE ARMY,
　　　　　　　Agency.

DOCKET NUMBER
DA-0752-13-2096-I-1

DATE: August 19, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hank A. Wilson, Texarkana, Texas, pro se.

Craig Paulson, Esquire, Texarkana, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's decision to place him in furlough status for no more than 11 discontinuous days between July 8 and September 30, 2013.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant, a Quality Assurance Specialist, GS-1910-11, at the agency's Red River Army Depot in Texarkana, Texas, appealed the agency's action placing him in furlough status for no more than 11 discontinuous days between July 8 and September 30, 2013.[2] Initial Appeal File (IAF), Tab 1, Tab 8 at 7. The appellant waived his request for a hearing, and the case was decided based on the written record. IAF, Tab 7. The administrative judge found that the appellant was duly issued a notice of proposed furlough and a decision letter. IAF, Tab 9, Initial Decision (ID) at 2-3. He found that the agency demonstrated that it had cause to furlough the appellant. ID at 3-5. The appellant argued that he was exempt from the furlough because his salary was paid out of a Working Capital Fund (WCF). IAF, Tab 8 at 4-6. The administrative judge found that circumstances in this case resembled other WCF cases in which the Board had affirmed furlough actions.

[2] This appeal was initially placed in a consolidation of appeals filed by employees at Tinker Air Force Base. IAF, Tab 2; *see Tinker v. Department of the Air Force*, MSPB Docket No. DA-0752-14-0407-1-1, Initial Decision (Dec. 19, 2014). The Department of the Air Force filed a motion to dismiss the appeal because the appellant was not an employee. IAF, Tab 3. The administrative judge determined that the appellant was instead a United States Army employee and thus severed his appeal from the consolidation. IAF, Tab 4.

The administrative judge further found that the furlough action here promoted the efficiency of the service in that it was a reasonable management solution to the agency's financial circumstances and the agency had implemented it in a fair and even manner. ID at 5-7.

¶3    The appellant filed a timely petition for review in which he asserts that the agency lacked the authority to furlough employees paid from WCFs. Petition for Review (PFR) File, Tab 1. He argues that the furlough action is invalid because 10 U.S.C. § 2472 prohibits depot-level maintenance and repair workloads from being managed on the basis of any constraint or limitation in terms of man years, end strength, full-time equivalent positions, or maximum number of employees. *Id.* at 4. Instead, he asserts, section 2472 requires employees to be managed solely on the basis of the available workload requests and the funds made available for depot-level maintenance and repair. *Id.* The appellant additionally argues that 10 U.S.C. § 129(b) constrains agencies from furloughing employees whose salaries and benefits are funded from sources other than appropriated funds. *Id.* These are the same arguments he asserted before the administrative judge. IAF, Tab 8 at 4‑6.

¶4    As the administrative judge explained, the appellant's salary is paid directly from WCF monies, but the WCF receives its funding from the appropriations made to the various entities it serves. ID at 4-5. In similar circumstances, the Board has upheld a furlough action. *Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶¶ 13-18, *aff'd*, 802 F.3d 1321 (Fed. Cir. 2015). As for whether the furlough of employees paid through a WCF is precluded by law, we found nothing in the statutes the appellant cited that would prohibit the agency from furloughing WCF employees. The appellant has not alleged or shown that the furlough conflicted with any of the constraints on the agency's management of the funding for indirectly funded employees that are set forth in 10 U.S.C.

§ 129(b),[3] and in any event, the Board previously has rejected the argument that the furloughs constituted an improper constraint or limitation on the management of civilian personnel in violation of 10 U.S.C. § 129(a)-(b). *NV24‑Keyport2 v. Department of the Navy*, 123 M.S.P.R. 263, ¶¶ 5-9 (2016).

¶5    The issue before the Board in a furlough appeal is not the source of funding for employees' salaries, but rather, whether the furlough was a reasonable management solution to the financial restrictions placed on the agency. *Einboden*, 122 M.S.P.R. 302, ¶ 13. The Board held in *Einboden* that an agency could consider its budget holistically rather than isolate the funding situation for each of its subordinate organizations. *Id.*, ¶ 15. The Board further held that the agency was not required to show that it reassigned any funds saved by implementing furloughs to meet its burden to prove that the furlough action was a reasonable management solution to the agency's financial restrictions. *Id.*, ¶¶ 16−18. The U.S. Court of Appeals for the Federal Circuit affirmed the Board's decision in *Einboden*. *Einboden v. Department of the Navy*, 802 F.3d 1321, 1325−26 (Fed. Cir. 2015).

¶6    The appellant additionally argues that members of the House of Representatives sought to intervene in the furlough of WCF employees on July 23, 2013, when it amended H.R. 2397, the Department of Defense

---

[3] Subsection 129(b) states:

> The number of, and the amount of funds available to be paid to, indirectly funded Government employees of the Department of Defense may not be‑
>
> (1) subject to any constraint or limitation on the number of such personnel who may be employed on the last day of a fiscal year;
>
> (2) managed on the basis of any constraint or limitation in terms of man years, end strength, full-time equivalent positions, or maximum number of employees; or
>
> (3) controlled under any policy of the Secretary of a military department for control of civilian manpower resources.

Appropriations Act, 2014, to prohibit the use of WCF monies to implement furloughs of Department of Defense employees. PFR File, Tab 1 at 4; *see* H.R. 2397, 113th Cong., Amend. 381 (2013). However, H.R. 2397 was never enacted. The bill that ultimately became law did not include the pertinent provision in the amendment. *See* Consolidated Appropriations Act, 2014, Pub. L. No. 113-76, 128 Stat. 5 (2014). Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide

for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.